IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TURKEY RUN PROPERTIES, L.P., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 4:09-CV-217 |
| | : (Judge Caldwell): |
| AIR STRUCTURES WORLDWIDE, LTD., ET AL., | : |
| Defendants. | |

*M E M O R A N D U M*

*I.   BACKGROUND*

On February 3, 2009, Turkey Run Properties, L.P. ("TRP" or "plaintiff"), a Pennsylvania Limited Partnership headquartered in Montoursville, Lycoming County, Pennsylvania, initiated a civil action against Airstructures Worldwide, Ltd. ("AWW"), Arizon Companies ("AC"), Johnson Air Rotation Systems ("JARS"), Marcraft Custom Air Handling Systems ("MCAHS"), DBS International, Inc. ("DBSI"), Arizon Financial Services Co. ("AFSC"), Arizon Air, Frame and Tension Structures ("AAFTS"), Johnson Heater Corp. ("JHC"), Johnson-Marcraft, Inc. ("JM"), Arizon Structures ("AS"), Arizon Companies of Russia ("ACR"), Ltd., Brasch Manufacturing Co. ("BMC"), Johnson Holding Corp. ("JHDC"), S & S Enterprises of St. Louis, Inc. ("SSE"), Transcontinental Holding, Ltd. ("TH"), corporations or other business entities formed in and/or conduct business in Missouri, Ron Scharf, Suzanne Scharf, and other unknown defendants (collectively referred to herein as "defendants").  (Rec. Doc. No. 1).  In its seven-part (7) complaint, TRP set forth claims for breach of contract, breach of express warranties, breach of implied warranties, negligence, fraud in the inducement, fraud in the performance and intentional and/or negligent misrepresentation.  (See id.).  The

action arises out of damage suffered to an air-supported dome AWW had constructed and installed for TRP in or around October 2006 in Muncy Township, Lycoming County, Pennsylvania. (Id.).

*II.    PROCEDURAL HISTORY*

Plaintiff filed a motion to dismiss BMC as a defendant on March 6, 2009. (Rec. Doc. No. 2). On March 9, 2009, the Honorable James F. McClure, Jr.[1] granted the motion. (Rec. Doc. No. 4).

On April 13, 2009, defendants filed a motion to dismiss or stay and compel arbitration. (Rec. Doc. No. 8). After briefing (See Rec. Doc. No. 10; Rec. Doc. No. 13; Rec. Doc. No. 16), Judge McClure granted defendants' motion to dismiss and compel arbitration.

A final arbitration award was issued on December 8, 2010. On January 7, 2011, the plaintiff filed a "Motion to Vacate Arbitration Award." (Rec. Doc. No. 22). The plaintiff filed a brief in support of the motion on January 21, 2011. (Rec. Doc. No. 23). The plaintiff alleges eleven instances in which "the arbitrators failed to consider material and pertinent items submitted by Plaintiff TRP to the prejudice of Plaintiff TRP . . . ." (Rec. Doc. No. 22 at 3-5). In addition, TRP alleges that its rights have been substantially prejudiced because "the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made . . . ." (Id. at 3). Defendants filed a brief in opposition to the motion on February 4, 2011, stating that the motion "is procedurally improper and wholly without merit" and alleging that TRP has failed to provide any evidence or legal

---

[1] The instant case was reassigned to the undersigned on December 22, 2010.

precedent that would support "the extraordinary relief requested." (Rec. Doc. No. 24 at 1). The plaintiff filed a reply brief in February 18, 2011. (Rec. Doc. No. 25).

Also on February 18, 2011, however, the plaintiff filed an "Amended Motion to Vacate Arbitration Award." (Rec. Doc. No. 27). With this "amended" motion, plaintiff contends that the arbitration award should be vacated in light of a February 2, 2011 snow and ice storm, which the plaintiff alleges caused the air-supported dome to completely collapse. (Id. at 1). Plaintiff argues that the award is now "moot or impossible to follow" and, as such, the award should be vacated in its entirety. (Id. at 2-3). In the alternative, the plaintiff asks that this Court (1) direct that the monies placed into escrow by the plaintiff be returned, and (2) vacate the award to the extent that the award requires the defendants to make repairs, as the plaintiff contends that it is impossible, under the circumstances, for repairs to be made. (Id. at 3-4).

The plaintiff has not filed a brief in support of its "Amended Motion to Vacate Arbitration Award," and the time for doing so has since passed. As no supporting brief has been filed in accordance with Middle District Local Rule 7.5, we will, pursuant to Local Rule 7.5, deem the motion to be withdrawn.

In addition, we also note that the plaintiff has not sought leave from this Court to file an amended motion seeking the vacation of the arbitration award of December 8, 2010. As such, we will allow the plaintiff to file, within ten (10) days of the date of this Order, a motion for leave to file an amended motion to vacate the December 8, 2010 arbitration award. The plaintiff is to include with this motion a certificate indicating the concurrence or nonconcurrence of the defendants in the motion. If the defendants do not concur, the defendants will be directed to file a

3

response to the plaintiff's motion for leave within fourteen (14) days of the date of receipt of the plaintiff's motion.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: March 18, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TURKEY RUN PROPERTIES, :
L.P.,
      Plaintiff, :

      v. : Civil Action No. 4:09-CV-217

       :    (Judge Caldwell):

AIR STRUCTURES WORLDWIDE,
LTD., ET AL., :
      Defendants.

*ORDER*

AND NOW, this 18th day of March, 2011, pursuant to the accompanying memorandum, it is Ordered that:

    1. The plaintiff's "Amended Motion to Vacate Arbitration Award" is deemed withdrawn. (Rec. Doc. No. 27).

    2. Plaintiff is granted permission to file, within ten (10) days of the date of this order, a motion for leave to file an amended motion to vacate the December 8, 2010 arbitration award. The plaintiff is to include with this motion a certificate indicating the concurrence or nonconcurrence of the defendants in the motion.

    3. If the defendants do not concur, the defendants are directed to file a response to the plaintiff's motion for leave within fourteen (14) days of the date of receipt of the motion.

                                     /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge