IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TURKEY RUN PROPERTIES, L.P., | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-09-0217 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| AIR STRUCTURES WORLDWIDE, LTD., ET AL., | : | |
| Defendants. | : | |

*M E M O R A N D U M*

*I.    Background*

On February 3, 2009, Turkey Run Properties, L.P. ("TRP" or "plaintiff"), a

Pennsylvania Limited Partnership headquartered in Montoursville, Lycoming County,

Pennsylvania, initiated a civil action against Airstructures Worldwide, Ltd. ("AWW");

Arizon Companies ("AC"); Johnson Air Rotation Systems ("JARS"); Marcraft Custom Air

Handling Systems ("MCAHS"); DBS International, Inc. ("DBSI"); Arizon Financial

Services Co. ("AFSC"); Arizon Air, Frame and Tension Structures ("AAFTS"); Johnson

Heater Corp. ("JHC"); Johnson-Marcraft, Inc. ("JM"); Arizon Structures ("AS"); Arizon

Companies of Russia ("ACR"), Ltd.; Brasch Manufacturing Co. ("BMC"); Johnson

Holding Corp. ("JHDC"); S & S Enterprises of St. Louis, Inc. ("SSE"); Transcontinental

Holding, Ltd. ("TH"); corporations or other business entities formed in and/or that

conduct business in Missouri; and Ron Scharf, Suzanne Scharf, and other unknown

defendants (collectively referred to herein as "defendants").   (Rec. Doc. No. 1).  In its

seven-part (7) complaint, TRP set forth claims for breach of contract, breach of express

warranties, breach of implied warranties, negligence, fraud in the inducement, fraud in

the performance, and intentional and/or negligent misrepresentation.  (See id.).  The

action arises out of damage suffered to an air-supported dome AWW constructed and

installed for TRP in or around October of 2006 in Muncy Township, Lycoming County,

Pennsylvania.  (Id.).

*II.    Procedural History*

Plaintiff filed a motion to dismiss BMC as a defendant on March 6, 2009.  (Rec.

Doc. No. 2).  On March 9, 2009, the Honorable James F. McClure, Jr. granted the

motion.  (Rec. Doc. No. 4).

On April 13, 2009, defendants filed a motion to dismiss or stay and compel

arbitration.  (Rec. Doc. No. 8).  After briefing (see Rec. Doc. No. 10; Rec. Doc. No. 13;

Rec. Doc. No. 16), Judge McClure granted defendants' motion to dismiss and compel

arbitration.  (Rec. Doc. No. 17).

A final arbitration award was issued on December 8, 2010.  On January 7, 2011,

the plaintiff filed a "Motion to Vacate Arbitration Award."  (Rec. Doc. No. 22).  The

plaintiff filed a brief in support of the motion on January 21, 2011.  (Rec. Doc. No. 23).

The plaintiff alleges eleven instances in which "the arbitrators failed to consider material

and pertinent items submitted by Plaintiff TRP to the prejudice of Plaintiff TRP . . . ."

(Rec. Doc. No. 22 at 3-5).  In addition, TRP alleges that its rights have been

substantially prejudiced because "the arbitrators exceeded their powers or so

imperfectly executed them that a mutual, final, and definite award upon the subject

matter was not made . . . ."  (Id. at 3).  Defendants filed a brief in opposition to the

motion on February 4, 2011, stating that the motion "is procedurally improper and wholly

with merit" and alleging that TRP has failed to provide any evidence or legal precedent

that would support "the extraordinary relief requested." (Rec. Doc. No. 24 at 1). The plaintiff filed a reply brief on February 18, 2011. (Rec. Doc. No. 25).

Also on February 18, 2011, however, the plaintiff filed an "Amended Motion to Vacate Arbitration Award." (Rec. Doc. No. 27). The plaintiff, though, did not file a brief in support of its "Amended Motion to Vacate Arbitration Award."[1] As no supporting brief was filed in accordance with Middle District Local Rule 7.5, we, by Memorandum and Order dated March 18, 2011 and pursuant to Local Rule 7.5, deemed the motion to be withdrawn. We provided plaintiff with leave to file, within ten days of the date of our order, a motion for leave to file an amended motion to vacate the December 8, 2010 arbitration award.

On March 28, 2011, plaintiff filed a "Motion for Leave to File Amended Motion to Vacate Arbitration Award." (Rec. Doc. No. 29). The plaintiff filed a supporting brief on April 11, 2011. (Rec. Doc. Nos. 30, 32). Defendants filed a brief opposing the motion, also on April 11, 2011. (Rec. Doc. No. 31). Plaintiff has not filed a reply brief and, as the time for doing so has passed, the "Motion for Leave to File Amended Motion to Vacate Arbitration Award" is ripe for disposition.

---

[1] In a subsequent filing, the plaintiff indicated that this "Amended Motion to Vacate Arbitration Award" incorporated by reference the plaintiff's original "Motion to Vacate Arbitration Award," filed on January 7, 2011; its brief in support of this motion, filed on January 21, 2011; and its reply brief associated with this motion, filed February 18, 2011. (Rec. Doc. No. 29 at 3). Plaintiff goes on to indicate that, "[b]y incorporating its previously filed brief by reference, it was Plaintiff TRP's intention to have its brief in support of the original Motion also serve as the brief for the Amended Motion, inasmuch as the legal standards did not change." (Id.). Although the court will address the applicability of a number of Middle District Local Rules later in this Memorandum, suffice it to say that such "incorporation by reference" is disavowed by the Local Rules. See Local Rule 7.8(a) ("No brief may incorporate by reference all or any portion of any other brief.").

In light of the following, we will deny the plaintiff's "Motion for Leave to File Amended Motion to Vacate Arbitration Award" (Rec. Doc. No. 29) and similarly deny Turkey Run's "Motion to Vacate Arbitration Award" (Rec. Doc. No. 22).

III.    *Discussion*

*A. Motion for Leave to File Amended Motion to Vacate Arbitration Award*

Although the plaintiff characterizes its "Motion for Leave to File Amended Motion to Vacate Arbitration Award" as an amendment to a pleading pursuant to Federal Rule of Civil Procedure 15, the court disagrees.  Instead, the plaintiff appears to be seeking, with this motion, leave to amend its motion to vacate in light of the total collapse of the dome, which plaintiff alleges "renders the Arbitration Award moot or impossible to follow." (Rec. Doc. No. 29 at 3).  Plaintiff appears therefore to be moving for relief from a final judgment or proceeding pursuant to Rule 60(b), which provides, in relevant part, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5)-(6).  According to Rule 81 of the Federal Rules of Civil Procedure:

4

> These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures:
>
> . . .
>
> > (B) 9 U.S.C., relating to arbitration;
>
> . . .

Fed. R. Civ. P. 81(a)(6)(B).  According to Section 10 of Title 9 of the United States Code, four grounds exist for a court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

Clearly, the basis for relief as alleged on the part of Turkey Run - namely, that the total destruction of the dome as a result of a snow and ice storm occurring after the arbitration award has rendered performance moot or impossible - is not provided for in the text of Section 10 of the Federal Arbitration Act.  As a fellow district court has noted, "Rule 60(b) cannot be used to circumvent the specific 'other procedures' in the FAA," and "a court cannot use Rule 60(b) to expand the FAA's grounds for vacatur." Halliburton Energy Servs. v. NL Indus., 618 F. Supp. 2d 614, 635 (S.D. Tex. 2009).

See also E.Spire Communs., Inc. v. CNS Communs., 39 Fed. Appx. 905, 912 (4th Cir. 2002) ("The FAA provides for vacatur of an arbitration award in five circumstances, and those circumstances are exclusive."); Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 145 n.4 (4th Cir. 1993) (indicating that there exist only five circumstances for vacatur, as prescribed in § 10 of the FAA).

In light of the above, we will deny the plaintiff's "Motion for Leave to File Amended Motion to Vacate Arbitration Award," as the basis for such an amended motion finds no support in the text of the FAA.[2]

*B. Motion to Vacate Arbitration Award*

As we will deny the plaintiff's motion in which it seeks leave to file an amended motion to vacate the arbitration panel's award, we are left to rule on the plaintiff's original "Motion to Vacate Arbitration Award." (Rec. Doc. No. 22). As the following analysis illustrates, we will deny this motion as well.

*1. The Procedural Deficiencies in Plaintiff's Filings*

The court at the outset expresses its concern with the adequacy of the filings submitted by plaintiff's counsel in this action. The court will highlight at least six aspects of the plaintiff's briefing that are of concern. The first pertains to the plaintiff's brief in support of its "Motion to Vacate Arbitration Award," filed on January 21, 2011. (Rec.

---

[2] The court also notes that the parties appear to dispute the factual circumstances underpinning the dome collapse on February 2, 2011, as well as whether the plaintiff properly placed into escrow the funds necessary to impose upon AWW the obligation to perform repairs on the facility. These differences lend further support to the court's conclusion that the relief sought by plaintiff in its "Motion for Leave to File Amended Motion to Vacate Arbitration Award" cannot be granted.

Doc. No. 23). This sixteen-page brief contains not a single citation to supporting caselaw, a glaring omission. Second, this brief also contains a factual summary of "undisputed facts" from the arbitration hearing, a summary that runs from page four through seven of the plaintiff's brief. From the first full paragraph of page five onward, the plaintiff ceases to utilize any citations to the record. (See id.). This conduct is in violation of the Middle District Local Rules, which require that, "[w]hen allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents *must be filed simultaneously with the motion* . . . ." Middle District Local Rule 7.3 (emphasis added). Plaintiff seems to concede to this violation. In its reply brief, the plaintiff notes the following:

> Attached to Plaintiff's Motion to Vacate Arbitration Award is Exhibit 1 Post-Hearing Brief of Claimant, Turkey Run Partners which contains all relevant references to the record. Exhibit 1 was incorporated by reference into Plaintiff's Motion to Vacate. Plaintiff did not, however, attach the referenced transcript and exhibits. Accordingly, Plaintiff has attached the following hereto as Exhibits 1 - 18 . . ."

(Rec. Doc. No. 25 at 2). In a related point, the Local Rules require that the supporting documents be filed *simultaneously* with the motion, not as an attachment submitted as an afterthought to a reply brief.

Next, the plaintiff's statement that the first exhibit attached to the "Motion to Vacate Arbitration Award" in fact "contains all references to the record" and "was incorporated by reference" into its motion is either cryptic or simply false. Although it is less than clear whether Plaintiff sought to incorporate merely the brief on its own or the citations contained within the brief, the Local Rules are, again, clear: "No brief may

incorporate by reference all or any portion of any other brief." Middle District Local Rule 7.8.

It also appears as though Plaintiff's counsel sought to ameliorate her violations of the Local Rules by attaching to her reply brief eighteen exhibits of transcripts of hearing testimony and exhibits. In so doing, the plaintiff has gone from a sixteen-page brief in support with citations to no caselaw to a three-page reply brief with 3,573 pages of exhibits. Even more curiously, Plaintiff *still* fails to reference any other facts contained within these 3,573 pages of exhibits that it seeks to rely upon beyond the six references[3] to the record contained in its factual summary section of its supporting brief. Quite simply, "'[j]udges are not like pigs, hunting for truffles buried in' the record." Albrechtsen v. Bd. of Regents, 309 F.3d 433, 436 (7th Cir. 2002) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

The final problem, once again, concerns compliance with this court's Local Rules. First, the plaintiff's reply brief fails to respond to the defendant's brief in opposition in any fashion other than to, carte blanche, attach thousands of pages of documents to the brief itself. The first half of the plaintiff's reply brief is dedicated to introducing a wholly new subject, namely the February 2, 2011 collapse of the building. The second half of the brief explains why the plaintiff is filing thousands of pages worth of exhibits. (See Rec. Doc. No. 25). Such a display strains the meaning and purpose of the Local Rules, which provide for the filing of "[a] brief in reply to matters argued in a brief in opposition .

---

[3] These references are to a "Klingerman NT" and a "Ligas NT." (See Rec. Doc. No. 23 4-5).

. . ."  Middle District Local Rule 7.7.  There were matters to which the plaintiff certainly could have responded in its reply brief.  In fact, the defendant, in its opposition brief, clearly outlines four issues that it believed should be addressed by the court in relation to the plaintiff's motion to vacate.  (See Rec. Doc. No. 24 at 7).

The court cannot discern whether plaintiff is ignorant of the Local Rules or simply has disregarded them.  However, the court will be clear.  Such violations of the Local Rules will not be tolerated in the future.

### 2. *Plaintiff's Motion to Vacate Arbitration Award Must Fail on its Merits*

Despite the procedural deficiencies inherent in plaintiff's filings associated with the "Motion to Vacate Arbitration Award," the court will address the motion on its merits. We conclude that the "Motion to Vacate Arbitration Award" must fail.

Plaintiff seeks to vacate the Arbitration Panel's award pursuant to Section 10(a)(4) of the FAA, which provides for vacatur "if the arbitrators exceed their powers, or so imperfectly execute them that a mutual, final and finite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

### a. *Whether this Court Maintains Jurisdiction Over the Motion*

Defendant first contends that this court lacks jurisdiction over the motion, as the court dismissed TRP's complaint in its June 30, 2011 Memorandum and Order.  (Rec. Doc. 24 at 7-8).  Defendant alleges that this order constitutes a final decision and, therefore, TRP should be required to raise a separate action to challenge the award issued by the arbitration panel.  In support of this contention, Defendant references two non-Middle District of Pennsylvania district court cases.  See Thompson v. Kellogg,

Brown & Root, 2010 U.S. Dist. LEXIS 109198 (E.D. Va., Oct. 13, 2010); Switzer v.

Credit Acceptance Corp., 2009 U.S. Dist. LEXIS 80378 (W.D. Va., Sept. 2, 2009).

However, these cases, which are clearly not controlling, are inapposite, as they

pertain to matters in which a motion to dismiss was granted and jurisdiction was clearly

not retained.  In this case, although the court framed its order attached to the June 30,

2009 Memorandum and Order as granting the defendant's motion to dismiss and

compelling arbitration, the court clearly meant its order as a stay of the proceedings.

This conclusion is supported by the fact that the court ordered, on September 2, 2010,

and November 4, 2010,[4] that status reports be filed by plaintiff.  (Rec. Doc. Nos. 18, 20).

The defendant also contends that the Supreme Court's decision in Green Tree Fin.

Corporation-Alabama v. Randolph, 531 U.S. 79 (2000), has been interpreted as

preventing a court from exercising jurisdiction when deciding on a motion to vacate an

arbitration award, if such award was made after a case filed in the district court was

dismissed.  (See Rec. Doc. No. 24 at 8).  However, the Third Circuit has interpreted

Green Tree in this way:

> Here, the plain language of § 3 affords a district court no discretion to
> dismiss a case *where one of the parties applies for a stay pending
> arbitration.*  The directive that the Court "shall" enter a stay simply cannot
> be read to say that the Court shall enter a stay in all cases except those in
> which all claims are arbitrable and the Court finds dismissal to be the
> preferable approach.  On the contrary, *the statute clearly states, without
> exception, that whenever suit is brought on an arbitrable claim, the Court
> "shall" upon application stay the litigation until arbitration has been
> concluded.*  In this case, Wyatt requested a stay of the proceeding as part

---

[4] On December 17, 2010, the judge then assigned to the case, the Honorable James F. McClure, Jr., passed away.   The instant case was reassigned to the undersigned on December 22, 2010.

of his motion to compel arbitration. Accordingly, we hold that the District
Court was obligated under 9 U.S.C. § 3 to grant the stay once it decided to
order arbitration.

Lloyd v. Hovensa, 369 F.3d 263, 269 (3d Cir. 2004).[5] In this case, the defendant clearly

requested a dismissal or stay and the compelling of arbitration. (Rec. Doc. No. 8).

Although Judge McClure, pursuant to his order, granted the dismissal, he clearly

intended to retain jurisdiction over the matter and acted accordingly by requiring the

plaintiff to file status reports. In fact, Judge McClure was required to stay the

proceeding, as the defendant asked for such a stay in its motion. Therefore, this court

clearly has retained jurisdiction over this motion.

> *b. Whether there Exists any Basis for Vacating the Arbitration Award*

A district court's review of an arbitration award made pursuant to the FAA is

based on an "extremely deferential" standard. As the Third Circuit has stated:

> Vacatur is appropriate only in "exceedingly narrow" circumstances, such
> as where arbitrators are partial or corrupt, or where an arbitration panel
> manifestly disregards, rather than merely erroneously interprets, the law.
> See id.; Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers,
> Inc., 773 F.2d 530, 533 (3d Cir. 1985) (stating that error of law is
> insufficient basis for vacatur). Likewise, an arbitrator's "'improvident, even
> silly, factfinding' does not provide a basis for a reviewing court to refuse to
> enforce the award." See Major League Umpires Assoc. v. American
> League of Professional Baseball Clubs, 357 F.3d 272, 279-80 (3d Cir.

---

[5] Section 3 of the FAA states the following:

> If any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for such
> arbitration, *the court in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of the action*
> until such arbitration has been had in accordance with the terms of the
> agreement, providing the applicant for the stay is not in default in proceeding with
> such arbitration.

9 U.S.C. § 3 (emphasis added).

2004) (quoting <u>Major League Baseball Players Ass'n v. Garvey</u>, 532 U.S. 504, 509, 149 L. Ed. 2d 740, 121 S. Ct. 1724 (2001)).

<u>Metromedia Energy, Inc. v. Enserch Energy Servs.</u>, 409 F.3d 574, 578 (3d Cir. 2005). An award is enforceable "if its form can be rationally derived from either the agreement between the parties or the parties' submissions to the arbitrators and the terms of the arbitral award are not completely irrational." <u>ACandS, Inc. v. Travelers Cas. & Sur. Co.</u>, 435 F.3d 252, 258 (3d Cir. 2006) (citing <u>Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.</u>, 868 F.2d 52, 56 (3d Cir. 1989)).  "An arbitrator's manifest disregard for the law is distinct from a merely erroneous application of the law.  Even an arbitrator's incorrect legal conclusion is entitled to deference." <u>Fluke v. Cashcall, Inc.</u>, 2011 U.S. Dist. LEXIS 57325, at *9 (E.D. Pa. May 26, 2011) (citing <u>Local 863</u>, 773 F.2d at 533). The Third Circuit "has held that there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." <u>News America Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103</u>, 918 F.2d 21, 24 (3d Cir. 1990) (citing <u>NF & M Corp. v. United Steelworkers of America</u>, 524 F.2d 756, 760 (3d Cir. 1975)).

We conclude that there exists more than sufficient evidence in the record supporting the arbitrators' decision.  The plaintiff first contests the fact that the arbitrators "ordered the equitable remedy of specific performance, which was neither raised nor requested by any party."  (Rec. Doc. No. 23 at 10).  As the defendant rightly points out, it raised this issue in its answering statement and counterclaim, as well as its pre-hearing brief.  (<u>See</u> Rec. Doc. No. 24, Exhbt. A at 7, Exhbt. D at 12-13).  In addition, the contract entered into between the parties provides that the defendant "at its option

12

will repair or replace the defective product . . . [or] the fabric and/or cable net at the

location selected by seller." (Rec. Doc. No. 10, Exhbt. A at 3). Furthermore, the

American Arbitration Association's Construction Industry Arbitration Rules, which are

referenced in the contract entered into between the parties, provide as follows:

> The arbitrator may grant any remedy or relief that the arbitrator deems just
> and equitable and within the scope of the agreement of the parties,
> including, but not limited to, equitable relief and specific performance of a
> contract.

Construction Industry Arbitration Rule 45(a). Quite simply, there exists no basis for

plaintiff's complaint as to the award of specific performance.

The plaintiff also complains that the Panel had no control over the disposition of

$126,039.85 of insurance proceeds that were received by the plaintiff for damage to the

dome, but which were not spent. (Rec. Doc. No. 23 at 10). As the Panel concluded:

> It is clear to the Arbitrators that [the plaintiff's] failure to repair the liner in
> 2007 has exacerbated the amount of detachment that is currently present.
> It is also clear to the Arbitrators that [the plaintiff] has been paid
> $126,039.85 in insurance proceeds specifically to repair the liner
> detachment and that this amount should now be used toward any repairs
> of the liner as a result of this Award.

(Rec. Doc. No. 22, Exhbt. 2 at 9). The issue, then, is of a failure on the part of the

plaintiff to mitigate damages, and the defendant specifically pled such a defense in its

answering statement. (Rec. Doc. No. 24, Exhbt. A at 10). This court can find no basis

for overturning the Panel's decision to require the payment by plaintiff of these proceeds

into an account on the condition that defendant make repairs to the dome.[6]

---

[6] The court finds similarly unavailing the plaintiff's argument that the Panel had no
authority to find the warranties valid, but also declare them null and void if the plaintiff failed to
place certain funds in escrow. (Rec. Doc. No. 23 at 11).

Next, the plaintiff alleges that the Panel's award did not address or dispose of a number of issues that the plaintiff raised in proceedings before the Panel, including the plaintiff's (1) breach of express warranty claim, (2) breach of implied warranty of merchantability claim, (3) breach of implied warranty of fitness for a particular purpose claim, and (4) a claim based upon the alleged failure of the defendant to conform to the contractual language regarding the dome's design for snow load capacity and the dome's liner. (Rec. Doc. No. 23 at 11). However, the Panel concluded that the failure on the part of the defendant to anchor the plates, which were a part of the dome's anchorage system, was "a breach of the Contract and the contractual warranty, a breach of the applicable design standard of care and represents a failure by [the defendant] to use appropriate construction means and methods." (Rec. Doc. No. 22, Exhbt. 2 at 5). The Panel found similar breaches and defects with the dome's cable grid, liner, and pressure control system. (Id. at 5-6). Further, the Panel's award clearly states that "[a]ll claims and counterclaims not expressly granted herein are hereby, denied." (Id. at 12). The plaintiff's arguments on the issue are, therefore, simply unsupported and unpersuasive.

Plaintiff also notes that "[t]he award failed to cite any legal authority whatsoever and failed even to identify which state's law it applied in the matter." (Rec. Doc. No. 23 at 12). Ironically, plaintiff's brief in support fails to cite any applicable caselaw. However, in light of the deferential review granted to a finding by an arbitration panel, plaintiff's complaint cannot provide a basis for vacatur. See Sherrock Bros. v. DaimlerChrysler Motors Co., LLC, 260 Fed. Appx. 497, 500 (3d Cir. 2008) (stating that the court "cannot review arbitration awards for legal error" and is "concerned only with

14

whether it is evident from the record that the arbitrators ignored the applicable law");

see also Black Box Corp. v. Markham, 127 Fed. Appx. 22, 25 (3d Cir. 2005).

The plaintiff also alleges that "[t]he characterization of the ultimate question before the Panel and the analysis and conclusions based thereon were in contravention of applicable law and the undisputed facts of record . . . ." (Rec. Doc. No. 23 at 12). We agree with the defendant that any attempt to portray the Panel's phrasing of the "ultimate question" before them as a mischaracterization is a strawman.  Throughout the Panel's opinion, the Panel clearly phrased the issue before it as sounding in breach, not in the failure of a particular part or system of the dome.  (See Rec. Doc. No. 22, Exhbt. 2 at 4 (finding "that [problems with the anchorage system for the dome] are a breach of the applicable warranty related to the cable grid system"), at 5 (finding "that the defects and deficiencies in connection with the cable grid are a breach of the contractual warranty"), at 8 (concluding "that the delamination of the liner is a breach of the contractual warranty and a breach of the applicable standard of care with respect to design and construction")).  Clearly, the Panel addressed the issue as requested by plaintiff: "whether the contract or warranties were breached and whether those breaches resulted in damages."  (Rec. Doc. No. 23 at 12).

The plaintiff also alleges that the Panel's "award contained findings and conclusions that were inconsistent with one another and resulted in miscalculations of damages . . . ."  (Id.).  This court will not disturb the calculations made by the Panel. Clearly, the Panel took into account, in calculating such damages, the failure to mitigate on the part of the plaintiff.  Again, in light of the deferential standard afforded a decision by an arbitrator, the Panel's calculations of damages do not provide a sufficient basis for

15

vacatur.  See Metromedia, 409 F.3d at 578 (stating that "an arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award") (internal quotations omitted).

Finally, the plaintiff claims that the Panel failed to consider the plaintiff's post-hearing submissions, a failure that it alleges was prejudicial and that prevented the plaintiff from setting forth its own "theory of recovery."  (Rec. Doc. No. 23 at 13).  This court cannot help but conclude that the plaintiff had more than a sufficient amount of time to present its theory of recovery, both at the arbitration hearing and in documents present to the Panel.  The Panel appeared to agree, noting the following in its award:

> As repeatedly stated by the Arbitrators during the course of the hearing, the Arbitrators believe that the materials submitted by the parties and the presentations made were adequate to apprise the Arbitrators of the parties' respective arguments in connection with this matter.

(Rec. Doc. No. 22, Exhbt. 2 at 2).  The failure of the Panel to consider the plaintiff's post-hearing submission provides no basis for vacatur.

In light of the above, the plaintiff's "Motion to Vacate Arbitration Award" (Rec. Doc. No. 22) will be denied.

*3. Defendant's Request for Sanctions*

Finally, defendant requests that sanctions be levied against the plaintiff for filing its "Motion to Vacate Arbitration Award." (See Rec. Doc. No. 24 at 15).  As support, defendant points to the plaintiff's failure to provide evidentiary support for the assertions made in its brief in support, its failure to provide supporting caselaw for its contentions, and its failure to refer to any standards of review that govern this court's decision.  (Id.). The plaintiff has failed to respond to these arguments in any fashion in its reply brief.

16

The court will direct the plaintiff to respond, within 21 days of the date of this
order, to this court why sanctions should not be levied against it for the reasons stated
above.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TURKEY RUN PROPERTIES,           :
L.P.,                            :
      Plaintiff,                  :        CIVIL NO. 4:CV-09-0217
                                  :
      v.                          :        (Judge Caldwell)
                                  :
AIR STRUCTURES WORLDWIDE,         :
LTD., ET AL.,                     :
      Defendants.                 :

*ORDER*

AND NOW, this 22nd day of June, 2011, pursuant to the accompanying

memorandum, it is Ordered that:

1.  The plaintiff's "Motion for Leave to File Amended Motion to Vacate
Arbitration Award" is DENIED.  (Doc. 29).

2.  The plaintiff's "Motion to Vacate Arbitration Award" is DENIED.  (doc.
22).

3.  The plaintiff shall respond to this court by July 13, 2011, why sanctions
should not imposed for reasons stated in the accompanying
memorandum.

            /s/ William W. Caldwell
            William W. Caldwell
            United States District Judge