UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TURKEY RUN PROPERTIES, L.P.,     :
       Plaintiff             :
                              :
       v.                 :    CIVIL NO. 4:09-CV-0217
                              :
AIR STRUCTURES WORLDWIDE,     :
LTD.                          :
       Defendant         :

*M E M O R A N D U M*

I.      *Introduction*

      We are considering plaintiff's motion to confirm and enforce an arbitration award.  This case arises from a breach of contract claim between plaintiff, Turkey Run Properties ("Turkey Run"), and defendant Airstructures Worldwide, Ltd. ("AWW").[1]  This dispute proceeded to arbitration, where an award was made in plaintiff's favor.  Plaintiff now seeks to confirm and enforce that award.

II.     *Background*

      In or around October 2006, AWW constructed and installed a roof dome on plaintiff's building.  Plaintiff brought a breach of contract claim on February 3, 2009, alleging numerous problems related to the dome as a result of AWW's improper design, manufacturing, and installation.  The defendant filed a motion on April 13, 2009 to

---

[1] Plaintiff's suit originally named a number of defendants.  However, the arbitration award which we have been asked to confirm and enforce notes that "this Award is issued only against Airstructures Worldwide, Ltd."  (doc. 22-2, at 1).  Therefore, we will examine the motion to confirm and enforce the arbitration award against AWW only.

dismiss or stay and compel arbitration.  Defendant's motion was granted and the case was arbitrated.  The arbitration award, issued on December 8, 2010, required plaintiff to place $145,110.08, in an escrow account within sixty days.  This amount consisted of $126,039.85 from insurance proceeds received by plaintiff for the damage to the dome and another $19,071.13 for damages owed to AWW.  If Turkey Run failed to escrow the funds, it would not be entitled to relief, AWW would not be required to repair the dome, and the warranty provisions of the contract would become void.  If Turkey Run did escrow the money, AWW was required to repair the dome within ninety days or pay plaintiff $241,828.99 in damages.  If AWW repaired the dome within the required time, it would receive the funds in the escrow account.  Otherwise, Turkey Run would receive the funds.

Plaintiff filed a motion to vacate the arbitration award on January 7, 2011.  On February 2, 2011, the dome collapsed as the result of a snow and ice storm.  Defendant asserts that it received an email from Turkey Run's counsel on February 3, 2011, indicating that AWW was not authorized to repair the dome at this point because the cause of the collapse was under investigation by plaintiff's insurance company.  On February 4, 2011, Turkey Run deposited $145,110.98 into what it alleges is an escrow account, but defendant argues that the deposit was not made pursuant to the award.  On February 18, 2011, Turkey Run requested leave to file an amended motion to vacate the arbitration award based on the collapse of the dome.  We denied plaintiff's request and denied the original motion to vacate the award.  On December 8, 2011, plaintiff filed a

motion to confirm and enforce the arbitration award.  Defendant argues that the award cannot be enforced because it is ambiguous and must be remanded to the arbitrators.

III.        *Discussion*

        *A.  Standard of Review*

        This case is governed by the Federal Arbitration Act, 9 U.S.C. § 1.  A district court's review of an arbitration award made pursuant to the FAA is based on an "extremely deferential" standard.  An award is enforceable "if its form can be rationally derived from either the agreement between the parties or the parties' submissions to the arbitrators and the terms of the arbitral award are not completely irrational."  ACandS, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 258 (3d Cir. 2006) (citing Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co., 868 F.2d 52, 56 (3d Cir. 1989)).  "An arbitrator's manifest disregard for the law is distinct from a merely erroneous application of the law.  Even an arbitrator's incorrect legal conclusion is entitled to deference."  Fluke v. Cashcall, Inc., 2011 U.S. Dist. LEXIS 57325, at *9 (E.D. Pa. May 26, 2011) (citing Local 863, 773 F.2d at 533).  The Third Circuit "has held that there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award."  News America Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990) (citing NF & M Corp. v. United Steelworkers of America, 524 F.2d 756, 760 (3d Cir. 1975)).

*B. Confirming Arbitration Award*

Plaintiff requests that the court confirm and enforce the arbitration award. Pursuant to 9 U.S.C. § 9,

> at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

The arbitration panel made the award on December 8, 2010.  Plaintiff filed its motion to

confirm the award on December 8, 2011, meeting the one-year requirement.  As the

language of the statute indicates, we must grant the order unless the award is vacated,

modified, or corrected.  We will examine whether any grounds exist under sections 10 or

11 to vacate or modify the award.

*1. Vacatur, Modification, and Correction under the FAA*

Section 10(a) of the FAA provides four grounds where a district court may

vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Neither party asserts that the award should be vacated on the basis of

corruption, fraud, or misconduct, and we do not find any evidence that suggests vacatur

is appropriate on these bases.  In our Memorandum and Order, dated June 22, 2011, we found that the arbitrators did not exceed their powers or so imperfectly execute them that a mutual, final, and definite award was not made.  Without grounds to vacate under section 10, we must consider section 11.  Under section 11, the court may modify or correct an arbitration award where there was "an evident material miscalculation," "the arbitrators have awarded upon a matter not submitted to them," or "the award is imperfect in matter of form."  9 U.S.C. § 11.  We previously found that none of these bases existed to modify or correct the award.  (doc. 33, at 11-16).

*2.  Grounds for Remand*

Though there are no grounds under the FAA to vacate, alter, or correct the judgment, defendant contends that the arbitration award cannot be enforced because the subsequent collapse of the dome made the award ambiguous.  Defendant argues that the case should be remanded to the arbitration panel to clarify the award.  Defendant also wants the arbitrators to consider events such as the subsequent sale of the dome and the cause of the February 2, 2011 collapse.

"As a general rule, once an arbitration panel renders a decision regarding the issues submitted, it becomes *functus officio* and lacks any power to reexamine that decision."  Colonial Penn Ins. Co. v. Omaha Indem. Co., 843 F.2d 327, 331 (3d Cir. 1991).  There is an exception, however, to this general rule.  "Where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify."  *Id.* at 331-32.  A court may find

an award ambiguous "if it is susceptible to more than one interpretation or fails to address a contingency that later arises." Accuride Erie L.P. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local Union, No. 05-169, 2009 U.S. Dist. LEXIS 13038 (W.D. Pa. Feb. 20, 2009). Defendant asserts that the arbitration award is ambiguous and cannot be enforced until clarified by the arbitrators.

The award is not ambiguous: it required plaintiff to place funds into escrow and ordered defendant to make repairs to the dome or pay for the cost of the repairs. Plaintiff placed the funds in escrow on February 4, 2011.[2] Although defendant was not able to repair the dome due to its collapse, the award provided for a contingency, i.e. the payment of damages. Defendant also advances several factual matters it would like to bring before the arbitrators, including the subsequent sale of the dome and the cause of its collapse. However, these are issues that require a new action to be brought.

Having found no basis to vacate, modify, or correct the arbitration award, we are required by 9 U.S.C. § 9 to confirm it.

---

[2] Defendant argues that plaintiff did not follow the procedures required in the award to establish an escrow account. The award requires that plaintiff "pay into an escrow account at a bank located within the State of Missouri, the sum of $145,110.98." (Doc. 22-2, at 11-12). Plaintiff's counsel placed $145,110.98 into a PNC bank account, which has branches located in Missouri. Plaintiff's counsel has agreed to act as escrow agent for the funds, disbursing them pursuant to the arbitration agreement. This is sufficient to meet the requirements of the award. See Janson v. Cozen and O'Connor, 450 Pa. Super. 415, 247 (Pa. Super. 1996) (finding that an attorney may act as an escrow agent "so long as his duties do not involve a conflict of interest with, or a violation of, the duty to his client as principal, and so long as the condition of the escrow is not made dependant upon the client's volition.").

*IV.  Conclusion*

We will confirm and enforce the arbitration award.  Defendant, having failed to make repairs to the dome, is required to reimburse plaintiff in the sum of $241,828.99.

We will issue an appropriate order.

 /s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TURKEY RUN PROPERTIES, L.P.,          :
        Plaintiff          :
                  :
        v.          :   CIVIL NO. 4:09-CV-0217
                  :
AIR STRUCTURES WORLDWIDE,          :
LTD., *et al.*,          :
        Defendants          :

*O R D E R*

        AND NOW, this 17th day of February, 2012, upon consideration of

plaintiff's motion to confirm and enforce the arbitration award (doc. 38) and defendant's

response thereto, and pursuant to the accompanying Memorandum, it is ORDERED that:

        1.  Plaintiff's motion (doc. 38) is GRANTED.

        2.  The arbitration award entered December 8, 2010 is CONFIRMED.

        3.  Defendant is directed to pay plaintiff $241,828.99, together with interest
at the legal rate of six percent (6%) from December 8, 2010 to the date of
this order.

        4.  The $145,110.98 in the escrow fund shall be released to plaintiff.

        5.  The Clerk of Court is directed to close this case.

                /s/ William W. Caldwell
                William W. Caldwell
                United States District Judge